IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY, CIVIL ACTION

DAVID BAUER,

    Plaintiff,

vs.

CASE NO. #11 037043

LEWIS HASTIE RECEIVABLES, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff David Bauer sues defendant Lewis Hastie Receivables, Inc., and states as follows:

### PART I: INTRODUCTION

1. This is an action for damages which exceed $15,000; it is brought by David Bauer, an individual consumer, for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"; collectively "the Acts").

2. The FDCPA prohibits debt collectors, and the FCCPA prohibits all persons, from engaging in abusive, deceptive and unfair practices while engaging in collecting or attempt to collect consumer debts; the debt sought to be collected by the defendant herein was a consumer debt. The TCPA prohibits all persons from making unauthorized telephone calls to any person's cellular telephone.

3. The plaintiff has retained the below-signed attorney and is obligated to pay him a reasonable fee for his services.

### PART II: PARTIES, JURISDICTION, AND VENUE

4. Plaintiff David Bauer ("Bauer") is a natural person residing in Hillsborough County, Florida.

5. Defendant Lewis Hastie Receivables, Inc., also sometimes known as "LHR Inc." ("LHR"), is a New York corporation doing business in the state of Florida, with its principal place of business being located in Hamburg, New York.

6. Defendant LHR is subject to the provisions of the FDCPA, the FCCPA, and the TCPA, and is subject to the jurisdiction of this court pursuant to § 48.193, Fla. Stat.

## PART III: FACTS

7. The background facts leading to the filing of this action are as follow:

    a. During or about May 2008 Bauer made application for an HSBC Discover credit card account. The card never came to him, although bills assessing various charges did; no charges were ever made by Bauer on the account. Nor did Bauer at any time give express permission within the meaning of the TCPA for HSBC for any assignee or successor to it, including LHR, to make automated calls utilizing recorded messages to his cellular telephone number; Bauer was not in possession of his current cellular phone number until April, 2009.

    b. On or about November 22, 2010, LHR requested a copy of Bauer's consumer credit report from Experian, which contained his current home and cellular phone numbers.

    c. On or about December 29, 2010 LHR made an automated call to Bauer on his landline telephone and left an automated message in connection with an attempt to collect a consumer debt. After receiving the message, Bauer called LHR as instructed and told the LHR representative that he had never received the card (and thus it had never been activated), he had never made any charge on the non-activated card, and that he did not owe the alleged debt and would not pay it; the LHR representative responded that LHR had reported the alleged debt to the

credit bureau, and would delete it from Bauer's credit report only if he paid the amount in full that he did not owe.

    d. On or about January 4, 2011, in connection with attempting to collect a consumer debt, LHR made an automated call to Bauer at his cellular telephone number. After obtaining the identity of the company and individual caller, Bauer told the LHR representative to stop calling him. Bauer stated he was recording the phone call, and the LHR representative acknowledged he understood the call was being recorded.

    e. On or about January 14, 2011, in connection with attempting to collect a consumer debt, LHR made an automated call to Bauer at his cellular telephone number that utilized a pre-recorded message, stating the call was an attempt to collect a debt, and asked for a return phone call to LHR.

    f. On or about January 25, 2011, in connection with attempting to collect a consumer debt, LHR made an automated call to Bauer at his cellular telephone number that utilized a pre-recorded message, stating the call was an attempt to collect a debt, and asked for a return phone call to LHR.

    g. On or about January 28, 2011, in connection with attempting to collect a consumer debt, LHR made an automated call to Bauer at his cellular telephone number that utilized an automated, pre-recorded message; Bauer answered and eventually spoke to a representative of LHR; he again told the representative to stop calling him, but was falsely told by the LHR representative that Bauer would have to send a written letter to stop the calls that were being made to him at his cellular telephone number, and that LHR would not stop calling him.

    h. On or about February 4, 2011, in connection with attempting to collect a

consumer debt, LHR made an automated call to Bauer at his cellular telephone number that utilized a pre-recorded message; Bauer answered the call, pressed "1" to identify himself as the called party, as requested by the automated message, and again told an LHR representative who answered to stop calling him.

i. On or about February 8, 2011, in connection with attempting to collect a consumer debt, LHR made an automated call to Bauer at his cellular telephone number that utilized a pre-recorded message; Bauer answered the call, pressed "1" to identify himself as the called party, as requested by the automated message, and again told an LHR representative who answered to stop calling him.

j. On or about February 15, 2011, in connection with attempting to collect a consumer debt, LHR made an automated call to Bauer at his cellular telephone number that utilized a pre-recorded message; Bauer answered the call, pressed "1" to identify himself as the called party, as requested by the automated message, and again told an LHR representative who answered to stop calling him.

k. On or about February 16, 2011, in connection with attempting to collect a consumer debt, LHR made an automated call to Bauer at his cellular telephone number that utilized a pre-recorded message; Bauer answered the call, pressed "1" to identify himself as the called party, as requested by the automated message, and again told an LHR representative who answered to stop calling him.

l. On or about February 21, 2011, in connection with attempting to collect a consumer debt, LHR made an automated call to Bauer at his cellular telephone number that utilized a pre-recorded message; Bauer answered the call, pressed "1" to identify himself as the called party, as requested by the automated message, and again told an LHR representative who

answered to stop calling him.

    m. On or about February 24, 2011, in connection with attempting to collect a consumer debt, LHR made an automated call to Bauer at his cellular telephone number that utilized a pre-recorded message; Bauer answered the call, pressed "1" to identify himself as the called party, as requested by the automated message, and again told an LHR representative who answered to stop calling him.

    n. After denying that he owed the debt during the telephone conversation with LHR on December 29, 2010, Bauer on several successive occasions denied owing the debt and said he would not pay it when he spoke to LHR representatives. Despite Bauer repeatedly informing LHR representatives that he did not owe the alleged debt and would not pay, and despite such dispute being made known prior to LHR reporting any information to a consumer collection agency, LHR nonetheless reported the debt to one or more credit reporting agencies on or about January 15, 2011 without noting that it was disputed. This is shown by the TransUnion tradeline from a TransUnion consumer credit report dated February 17, 2011 and attached as Exhibit "A," and the tradeline as reported to Experian, from a consumer report dated April 1, 2011 and attached as Exhibit "B". Upon information and belief, had LHR reported the Metro II code "XB" in the compliance conditions codes of the tradeline, Experian and TransUnion would have published "CONSUMER DISPUTES THIS INFORMATION" next to the LHR tradeline.

    p. After its initial report to the credit reporting agencies, LHR was again informed by Bauer that he disputed owing the alleged debt. Nonetheless, on or about February 15, 2011, LHR re-reported its tradeline, this time indicating a larger balance due, and again failed to disclose that the information was disputed by Bauer.

    q. Several potential creditors viewed Bauer's credit report containing LHR's

tradeline, but were not made aware of Bauer's dispute of LHR's information.

## PART IV: CLAIM FOR VIOLATIONS OF FDCPA

### COUNT I

8. Paragraphs 1 through 7 are hereby realleged and incorporated herein.

9. Violations of the FDCPA were committed by LHR in calling Bauer while engaging in debt collection activity as shown above, including but not limited to violations of 15 U.S.C. §§ 1692d(5), 1692e(2)(A), 1692e(8), 1692e(10), and 1692f(1).

WHEREFORE, plaintiff David Bauer demands judgment against defendant Lewis Hastie Receivables, Inc. for statutory damages of $1,000.

## PART V: CLAIMS FOR VIOLATIONS OF TCPA

### COUNT II

10. Paragraphs 1 through 7 are hereby realleged and incorporated herein.

11. The TCPA at 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part as follows: "(b)(1) It shall be unlawful for any person --- (A) to make any call...using any automatic telephone dialing system or an artificial or prerecorded voice --- (iii) to any telephone number assigned to a...cellular telephone service...."

12. The TCPA at 47 U.S.C. § 227(b)(3) provides for a private right of action by any person aggrieved by any violation or violations of the TCPA for equitable relief and/or "for actual monetary loss from such a violation or...$500 in damages for each such violation, whichever is greater...." The TCPA at this section also states that "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount" otherwise available under this subsection.

13. Each of the 10 automated telephone calls made by LHR to Bauer's cellular telephone reflected above in paragraph 7 was a violation of the TCPA; the violations were committed willfully or knowingly within the meaning of the TCPA at 47 U.S.C. § 227(b); accordingly the Court should increase the amount of statutory damages awarded to $1,500 for each such violation, for a total of $15,000.

## PART VI: CLAIM FOR VIOLATIONS OF FCCPA

### COUNT III

14. Paragraphs 1 through 7 are hereby realleged and incorporated herein.

15. On January 4, 2011 LHR violated the FCCPA at § 559.72(7) and (9) by calling Bauer on his cellular telephone in violation of the TCPA, and by making demand for payment after he had previously told them he disputed the debt, did not owe it, and would not pay it.

WHEREFORE, plaintiff David Bauer demands judgment against defendant Lewis Hastie Receivables, Inc. for statutory damages of $1,000.

### COUNT IV

16. Paragraphs 1 through 7 are hereby realleged and incorporated herein.

17. On January 14, 2011 LHR violated the FCCPA at § 559.72(7) and (9) by calling Bauer on his cellular telephone in violation of the TCPA, and by making demand for payment after he had previously told them he disputed the debt, did not owe it, and would not pay it.

WHEREFORE, plaintiff David Bauer demands judgment against defendant Lewis Hastie Receivables, Inc. for statutory damages of $1,000.

### COUNT V

18. Paragraphs 1 through 7 are hereby realleged and incorporated herein.

19. On January 25, 2011 LHR violated the FCCPA at § 559.72(7) and (9) by calling

Bauer on his cellular telephone in violation of the TCPA, and by making demand for payment after he had previously told them he disputed the debt, did not owe it, and would not pay it.

WHEREFORE, plaintiff David Bauer demands judgment against defendant Lewis Hastie Receivables, Inc. for statutory damages of $1,000.

## COUNT VI

20. Paragraphs 1 through 7 are hereby realleged and incorporated herein.

21. On January 28, 2011 LHR violated the FCCPA at § 559.72(7) and (9) by calling Bauer on his cellular telephone in violation of the TCPA, and by making demand for payment after he had previously told them he disputed the debt, did not owe it, and would not pay it.

WHEREFORE, plaintiff David Bauer demands judgment against defendant Lewis Hastie Receivables, Inc. for statutory damages of $1,000.

## COUNT VII

22. Paragraphs 1 through 7 are hereby realleged and incorporated herein.

23. On February 4, 2011 LHR violated the FCCPA at § 559.72(7) and (9) by calling Bauer on his cellular telephone in violation of the TCPA, and by making demand for payment after he had previously told them he disputed the debt, did not owe it, and would not pay it.

WHEREFORE, plaintiff David Bauer demands judgment against defendant Lewis Hastie Receivables, Inc. for statutory damages of $1,000.

## COUNT VIII

24. Paragraphs 1 through 7 are hereby realleged and incorporated herein.

25. On February 8, 2011 LHR violated the FCCPA at § 559.72(7) and (9) by calling Bauer on his cellular telephone in violation of the TCPA, and by making demand for payment after he had previously told them he disputed the debt, did not owe it, and would not pay it.

WHEREFORE, plaintiff David Bauer demands judgment against defendant Lewis Hastie Receivables, Inc. for statutory damages of $1,000.

## COUNT IX

26. Paragraphs 1 through 7 are hereby realleged and incorporated herein.

27. On February 15, 2011 LHR violated the FCCPA at § 559.72(7) and (9) by calling Bauer on his cellular telephone in violation of the TCPA, and by making demand for payment after he had previously told them he disputed the debt, did not owe it, and would not pay it.

WHEREFORE, plaintiff David Bauer demands judgment against defendant Lewis Hastie Receivables, Inc. for statutory damages of $1,000.

## COUNT X

28. Paragraphs 1 through 7 are hereby realleged and incorporated herein.

29. On February 16, 2011 LHR violated the FCCPA at § 559.72(7) and (9) by calling Bauer on his cellular telephone in violation of the TCPA, and by making demand for payment after he had previously told them he disputed the debt, did not owe it, and would not pay it.

WHEREFORE, plaintiff David Bauer demands judgment against defendant Lewis Hastie Receivables, Inc. for statutory damages of $1,000.

## COUNT XI

30. Paragraphs 1 through 7 are hereby realleged and incorporated herein.

31. On February 21, 2011 LHR violated the FCCPA at § 559.72(7) and (9) by calling Bauer on his cellular telephone in violation of the TCPA, and by making demand for payment after he had previously told them he disputed the debt, did not owe it, and would not pay it.

WHEREFORE, plaintiff David Bauer demands judgment against defendant Lewis Hastie Receivables, Inc. for statutory damages of $1,000.

## COUNT XII

32. Paragraphs 1 through 7 are hereby realleged and incorporated herein.

33. On February 24, 2011 LHR violated the FCCPA at § 559.72(7) and (9) by calling Bauer on his cellular telephone in violation of the TCPA, and by making demand for payment after he had previously told them he disputed the debt, did not owe it, and would not pay it.

WHEREFORE, plaintiff David Bauer demands judgment against defendant Lewis Hastie Receivables, Inc. for statutory damages of $1,000.

## COUNT XIII

34. Paragraphs 1 through 7 are hereby realleged and incorporated herein.

35. Finally, LHR violated the FCCPA at § 559.72(6) by failing to report and disclose to the credit reporting agencies that Bauer had reasonably disputed and refused to pay the alleged debt when they spoke to him in December 2010.

WHEREFORE, plaintiff David Bauer demands judgment against defendant Lewis Hastie Receivables, Inc. for statutory damages of $1,000.

## PART VI: AD DAMNUM

WHEREFORE, plaintiff David Bauer demands judgment against defendant Lewis Hastie Receivables, Inc. for damages as follow:

a. FDCPA DAMAGES: Statutory damages of $1,000 for multiple violations of the FDCPA;

b. TCPA DAMAGES: Statutory damages of $1,500 for each violation of the TCPA by the defendant, for a total of $15,000;

c. TCPA EQUITABLE RELIEF: Equitable relief enjoining the defendant from further violations of the TCPA;

d. <u>FCCPA DAMAGES</u>: Statutory damages of $1,000 each for 11 separate, temporally displaced violations of the FCCPA by the defendant, as shown in Counts III through XIII, for a total of $11,000;

e. <u>FCCPA EQUITABLE RELIEF</u>:  Equitable relief enjoining the defendant from further violations of the FCCPA;

f. <u>FEES AND COSTS</u>: Costs and attorneys' fees pursuant to the FDCPA and FCCPA.

/s/ Timothy Condon
TIMOTHY CONDON, ESQ. - FBN 217921
307 S. Fielding Ave., #2, Tampa, FL  33606
Telephone 813-474-1221 Fax 813-200-3395
Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFF